IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ROSCOE T. CRAWLEY )
)
v. ) N0. 1:07-0054
)
SAM BRAGG and LES HELTON )

To: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By Order entered July 9, 2007 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge for entry of a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is Defendants' Motion to Dismiss (Docket Entry No. 10), to which Plaintiff has filed a response in opposition (Docket Entry No. 26).

For the reasons set out below, the Court recommends that the motion be GRANTED in part and DENIED in part.

## I. BACKGROUND

Plaintiff is a inmate incarcerated in the Marshall County Jail ("Jail") in Lewisburg, Tennessee. He filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 seeking relief for violations of his constitutional rights alleged to have been committed at the Jail. Although

another inmate was listed as a co-plaintiff in the original complaint, Plaintiff filed an amended complaint listing only himself as the named plaintiff and clarifying that the other inmate is merely a witness. See Amended Complaint (Docket Entry No. 2).

Plaintiff complains that he has not received proper medical treatment at the Jail. He alleges that he has suffered severe stomach pain for several months and has "spit up" blood. He asserts that he has twice seen Dr. Phelps, the Jail doctor, about the problem but that Jail Administrator Sam Bragg and Marshall County Sheriff Les Helton have prevented the necessary treatment, which Plaintiff appears to suggest is some type of operation, from being rendered to him. Plaintiff also complains that his arm was x-rayed after he injured it in a fall at the Jail but that he has not been told the results of the x-ray and that Jail "Nurse Gene" gave him the incorrect medication for several weeks before realizing the mistake.

Plaintiff also alleges that former Jail Administrator Rick Keller took his photograph at the Jail and gave it to Norman Dalton, an investigator, who showed it to two witnesses.

Named as defendants in the complaint are Sam Bragg, Les Helton, Rick Keller, Norman Dalton, "Nurse Gene," and Dr. Phelps. The defendants are sued in their individual and official capacities. Although Plaintiff named six defendants in his complaint, he returned service packets for only Defendants Bragg and Helton and these are the only two defendants who have been served with process in this action.

In lieu of an answer, Defendants Bragg and Helton have filed the pending motion to dismiss.[1] They seek dismissal of this action under Rules 12(b)(2), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. Defendants argue that they are entitled to qualified immunity from any damage claims and that Plaintiff's allegations fail to state a constitutional claim. Defendants also argue that health care for prisoners at the Jail is delegated by contract to Southern Health Partners ("Southern Health") and that any claim concerning medical care at the Jail necessarily involves Southern Health. As such, Defendants argue that Southern Health is an indispensable party and that the action should be dismissed because Plaintiff has failed to join this party.

In response, Plaintiff argues that Defendants have not addressed the main issues in his case and that Defendants should share in the responsibility for the lack of medical care at the Jail even if Marshall County has contracted with a private party to provide the actual medical care to Jail inmates. Plaintiff also disputes that Defendants are entitled to qualified immunity.

## II. CONCLUSIONS

Rule 12(b)(2)

Defendants reference Rule 12(b)(2) as a ground for dismissal. However, Defendants do not set forth any actual argument as to why the Court lacks personal jurisdiction over them. Accordingly, the Court finds that dismissal on this basis is not warranted.

---

[1] The Motion to Dismiss does not specifically state on whose behalf it is filed and includes the statement that "Plaintiff has sued three individuals . . . " See Docket Entry No. 10 at 1. Although an appearance has not been formally entered for any defendant in this action and despite the language noted above, the Court presumes that the Motion to Dismiss is filed on behalf of only Defendants Bragg and Helton since no other individuals have been served with process in the action.

Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

Plaintiff's claim of inadequate medical care claim is judged under the standard that a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment occurs only if the prison officials act with deliberate indifference to his serious medical needs. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994); Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Under the deliberate indifference standard, neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985).

4

In this action, the Court finds that three of the allegations in the complaint fail to support constitutional claims. Plaintiff's allegations that he was mistakenly given the wrong medication for several weeks and that he was not told the results of the x-ray of his arm, even if true, fail to show deliberate indifference. At best, they merely set out claims of negligence which fail to rise to the level of constitutional claims under Section 1983. These two claims warrant dismissal.[2]

Plaintiff's claim that his picture was taken at the Jail and shown to "witnesses" also fails to state a constitutional claim. Plaintiff has not shown how this act violated any constitutionally protected right.[3]

Plaintiff's final claim is based upon his allegation that he has repeatedly complained about severe stomach pain but has been denied the necessary treatment. Although somewhat inartfully pleaded, Plaintiff contends that Defendants Bragg and Helton have prevented him from having some type of operation which is needed to remedy his problem because they do not want to pay for the operation.

For some inexplicable reason, Defendants do not address this allegation in their motion despite the fact that it is clearly set out in the complaint. To the extent that Defendants believe that this claim also warrants dismissal under Rule 12(b)(6) for failure to state a claim, the Court finds that the motion should be denied.

---

[2] Plaintiff's claim of incorrectly administered medication is the only claim implicating Defendant "Nurse Gene." Because this claim warrants dismissal for failure to state a claim, there is no reason to serve process upon this defendant even if this action proceeds as to other defendants.

[3] Plaintiff's claim regarding the picture is the only claim implicating Defendants Rick Keller and Norman Dalton. Because this claim warrants dismissal for failure to state a claim, there is no reason to serve process upon these two defendants even if this action proceeds as to other defendants.

Plaintiff's allegations that he has suffered severe stomach pain accompanied by spitting up blood and that an operation has been recommended for this problem are sufficient, at this stage of the proceedings, to support a claim that he suffers from a serious medical need.  Furthermore, he alleges that the physician who examined him determined that Plaintiff needed additional treatment and/or an operation, but that Defendants Bragg and Helton, as the administrators of the Jail, arbitrarily denied this treatment.  His claim against these two defendants is based upon their own actions even though they may not have been directly involved in providing medical care to him and is based upon more than a mere reliance on the theory of respondeat superior against them.  His allegations are sufficient, at this state of the proceedings, to state a claim that Defendants have acted with deliberate indifference to his serious medical need.

Defendants assert that they are entitled to qualified immunity from any liability.  Qualified immunity protects government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The Court finds that Plaintiff's allegations are sufficient to defeat the assertion of qualified immunity by Defendants at this preliminary stage of the proceedings.

The initial question in the qualified immunity analysis is whether "the facts alleged show the officer's conduct violated a constitutional right."  Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (citing Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)).  As set out supra, the Plaintiff's allegations are sufficient to support a claim that Defendants violated his constitutional right to adequate medical care by preventing or disallowing the provision of necessary treatment to him for a serious medical need.

6

The next step is to determine whether the right at issue has been "clearly established" not just in an abstract sense, but in a particularized sense.  Cope v. Heltsley, 128 F.3d 452, 458 (6th Cir. 1997). "[I]f the right at issue was clearly established at the time the governmental actor committed the violation in question, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct."  Harlow, 457 U.S. at 818-19.

As of 2007, it was clearly established that a prison inmate had a right to receive necessary treatment for a serious medical need and to not have this treatment denied.  See Comstock v. McCrary, 273 F.3d 693 (6th Cir. 2001), cert. denied, 537 U.S. 817, 123 S.Ct. 86, 154 L.Ed.2d 22 (2002); Hicks v. Frey, 992 F.2d 1450, 1454-57 (6th Cir. 1993); Byrd v. Wilson, 701 F.2d 592 (6th Cir. 1983).

Taken in the light most favorable to Plaintiff, the alleged facts show that Defendants' conduct violated a clearly established constitutional right and it would have been clear to reasonable officers in Defendants' positions that their conduct was unlawful.

Rule 12(b)(7)

The Court does not find that this action should be dismissed because Plaintiff failed to name Southern Health as a party to this action.  Based upon the single claim remaining in this action and upon the allegations made by Plaintiff against Defendants Bragg and Helton, the Court does not agree that Southern Health is a necessary party whose joinder is required for just adjudication. Complete relief can be afforded without Southern Health being a party and there is nothing before the Court suggesting that Southern Health claims an interest relating to the subject of this action which requires its joinder.  See Rule 19 of the Federal Rules of Civil Procedure.  Furthermore,

7

Southern Health could be joined as a party to this action without destroying the Court's jurisdiction over Plaintiff's complaint given that jurisdiction exists pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Defendants fail to show any basis for a conclusion that Southern Health is indispensable to this action and that the entire action should be dismissed because of its absence. See Glancy v. Taubman Centers, Inc., 373 F.3d 656, 664-72 (6th Cir. 2004).

### R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 10):

1) be DENIED with respect to the single claim of inadequate medical care for Plaintiff's stomach ailment and that this claim proceed as to Defendants Sam Bragg and Les Helton; and

2) be GRANTED as to all other claims and that Defendants Rick Keller, Norman Crawford, "Nurse Gene," and Dr. Phelps be DISMISSED from this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge