UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ROSCOE T. CRAWLEY          )
                           )
v.                         )          N0. 1:07-0054
                           )
SAM BRAGG and LES HELTON   )

To: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By Order entered July 9, 2007 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge for entry of a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is Defendants' Motion for Summary Judgment (Docket Entry No. 49), to which Plaintiff has filed a response in opposition (Docket Entry Nos. 61-65).

For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Northwest Correctional Complex ("NWCX"). He filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 on July 9, 2007, seeking relief for violations of his

constitutional rights alleged to have been committed while he was confined as an inmate in the Marshall County Jail ("Jail") in Lewisburg, Tennessee during 2007.[1]

Plaintiff complains that he did not receive proper medical treatment at the Jail. He alleges that he suffered severe stomach pain for several months and "spit up" blood. See Amended Complaint, at 5. He asserts that he was seen by Dr. Phelps, the Jail doctor, about the problem but that no real treatment was provided and that Jail Administrator Sam Bragg and Marshall County Sheriff Les Helton prevented the necessary treatment, which Plaintiff appears to suggest is some type of operation, from being provided to him.

Although Plaintiff made other claims in his complaint regarding alleged inadequate medical care at the Jail, these claims were dismissed by Order entered March 19, 2008 (Docket Entry No. 38), and the action was limited to the single claim that Plaintiff was denied adequate medical care for a stomach ailment. The only defendants remaining in the action are Sam Bragg and Les Helton, who are sued in their individual and official capacities.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant Helton argues that he had no knowledge of Plaintiff's medical situation. Defendant Bragg argues that he was aware of Plaintiff's complaints about medical treatment but that he is not a medical care provider and took no actions which were deliberately indifferent to a serious medical risk to Plaintiff's health. To the contrary, Defendant Bragg contends that the undisputed

---

[1] Although another inmate was listed as a co-plaintiff in the original complaint, Plaintiff filed an amended complaint listing only himself as the named plaintiff and clarifying that the other inmate is merely a witness. See Amended Complaint (Docket Entry No. 2).

2

medical evidence shows that the medical care providers at the Jail responded promptly to Plaintiff's complaints and that Plaintiff was referred for several examinations by Dr. Phelps, who diagnosed Plaintiff as having a reducible hernia. Defendants assert that there is no evidence that surgery was recommended for Plaintiff or that any recommended or prescribed treatment was not provided. Defendants support their motion with the affidavit of Jail nurse Gene Kote (Docket Entry No. 51), the affidavit of Les Helton (Docket Entry No. 52), the affidavit of Sam Bragg (Docket Entry No. 53), the affidavit of Dr. Kenneth Phelps (Docket Entry No. 80), and with the plaintiff's medical records from the Jail (Docket Entry No. 56).

In response, Plaintiff argues that the medical care he was given at the Jail was minimal and was not adequate to treat his condition. He contends that merely examining him, telling him he was suffering from a hernia, and giving him Ibuprofen to take was not reasonable treatment. Plaintiff supports his response with a response (Docket Entry No. 62) to Defendants' Statement of Undisputed Facts, the affidavit of Marcus Greer, who was an inmate at the Jail (Docket Entry No. 63), his own statement of additional disputed facts (Docket Entry No. 65), and the affidavit of Russell Knott, who was an inmate at the Jail (Docket Entry No. 81).

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The moving party must demonstrate that no

3

genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material, and the dispute must be genuine. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248.

### III. CONCLUSIONS

Summary judgment should be granted to Defendants, and the action should be dismissed with prejudice. Based upon the evidence before the Court, no reasonable jury could find in favor of Plaintiff on his claim that Defendants denied him medical care in violation of the U.S. Constitution.

A violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment occurs only when prison officials act with deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). An actionable Eighth Amendment claim has two elements. The first element is an objective one that requires

4

Plaintiff to prove that his medical condition was sufficiently serious. The second element is a subjective component that demands a showing that prison officials acted with a sufficiently culpable state of mind, i.e., deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). Thus, it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985).

With respect to Plaintiff's claim, there is no evidence before the Court that he suffered from a serious medical need. It is undisputed that he complained about stomach pain while he was confined at the Jail and that he was diagnosed as having a reducible hernia.[2] However, not every medical need, even if some type of treatment is required or if the medical need causes some level of discomfort, rises to the level of a serious medical need. See Chance v. Armstrong, 143 F.3d 698, 702 (2nd. Cir. 1998); Jennings v. Al-Dabagh, 275 F. Supp. 2d 863 (E.D. Mich. 2003).

However, even if Plaintiff's condition rose to the level of a serious medical condition, the evidence before the Court simply fails to show that either Defendant acted with deliberate indifference to this condition. The undisputed affidavit of Gene Kote indicates that Plaintiff was examined by medical care providers concerning his condition, that blood work was done, and that he was referred to Dr. Phelps for follow-up examinations on seven occasions. See Docket Entry No. 51. Plaintiff also acknowledges that he was given Ibuprofen. See Complaint, at 5. There is no evidence that Plaintiff was ignored. When a prisoner has received some medical attention and the

---

[2] Although Plaintiff states in a rebuttal to the affidavit of Dr. Phelps that medical care providers in the TDOC have determined that he needs a surgery, see Docket Entry No. 81, he fails to support this statement with an affidavit or other admissible evidence.

5

dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The Eighth Amendment does not guarantee a prison inmate the "optimum or best medical treatment." McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978); Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982).

Furthermore and more importantly with respect to the two Defendants, there is no evidence that either Defendant took any action to prevent Plaintiff from receiving medical treatment which had been recommended or prescribed by a medical care provider. Neither defendant is a medical care provider at the Jail or was involved directly in the provision of medical care to Plaintiff. There is no evidence that either Defendant made any decision with respect to Plaintiff's medical care, and Defendants were entitled to rely upon the decisions made by the medical care providers at the Jail as to the scope and sufficiency of the medical treatment provided to Plaintiff. Plaintiff has not set forth any evidence showing a specific act on the part of Defendants which amounted to deliberate indifference to Plaintiff's serious medical needs.

Plaintiff's statement that Defendant Bragg prevented or disallowed treatment, see Plaintiff's Response (Docket Entry No. 65), at 1, is unsupported by any evidence and is based upon conjecture on his part. Similarly, Plaintiff's statement that Dr. Phelps told both Defendants that Plaintiff needed more treatment than he was receiving, see Plaintiff's Response to Defendants' Statement of Undisputed Facts (Docket Entry No. 62), at ¶ 7, is likewise unsupported by any actual evidence. See Docket Entry No. 80.

For any claim brought under Section 1983, Plaintiff must show some basis for personal liability against the defendant sued. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984);

6

Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1983). See also Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). There must be specific, non-conclusory allegations of fact which support a claim alleged against a named defendant. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986). Unsupported speculation fails to raise a genuine issue of material fact. Id. Plaintiff has simply failed to set forth evidence showing that either of the two named Defendants acted with deliberate indifference to his serious medical needs.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 49) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

7