UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ROSCOE T. CRAWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:07-0054 |
| v. | ) | JUDGE ECHOLS |
| | ) | |
| SAM BRAGG and LES HELTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court are the Report and Recommendation entered by the United States Magistrate Judge on October 29, 2008 (Docket Entry No. 82), Plaintiff Roscoe T. Crawley's letter entitled, "Bad Faith Affidavit" (Docket Entry No. 84), Plaintiff's Objection to Report and Recommendation (Docket Entry No. 85), and Plaintiff's Amended Motion To Objection to Report and Recommendation (Docket Entry No. 86). The Magistrate Judge recommends that this Court grant the Motion for Summary Judgment (Docket Entry No. 49) filed by Defendants Sam Bragg and Les Helton, to which Plaintiff filed a response in opposition (Docket Entry No. 61), and dismiss this case with prejudice.

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3).

1

Plaintiff, a former detainee in the Marshall County Jail and now a prisoner in the Tennessee Department of Correction, brought this lawsuit under 42 U.S.C. § 1983 claiming that Sam Bragg, jail administrator, and Les Helton, sheriff, were deliberately indifferent to his serious medical needs. He claims he suffered from a midline reducible ventral hernia as diagnosed by the jail doctor, Dr. Phelps, but that the Defendants declined to pay for surgery and told Plaintiff he could be transported outside the jail for private medical care at his own cost. Plaintiff recently had the needed surgery after he was transferred to the Tennessee Department of Correction.

Plaintiff's objections to the R&R track his initial complaint against jail officials. He contends that he needed hernia surgery, that Defendants Bragg and Helton violated his constitutional rights by refusing to ensure that he received the surgery, and that the evidence in the record supports his position. He also disputes the Affidavit of Kenneth Phelps, M.D., submitted in support of the motion for summary judgment. Dr. Phelps attested that Plaintiff came to his medical office building under the care of Sam Bragg, and although Dr. Phelps normally sees patients at the jail, he made an exception and saw Plaintiff at his office due to Plaintiff's complaints of severe pain. He performed a physical examination and discovered no abnormalities. He made no recommendation for surgery, offered no diagnosis, and prescribed no medication or treatment for the condition. Dr. Phelps also stated that he continued to see Plaintiff at the jail, he received adequate medical care, and he had no medical conditions that required surgical intervention. (Docket Entry No. 85-1, Phelps Aff.) Plaintiff denies under oath that he was ever taken from the jail by Sam Bragg to visit Dr. Phelps at his medical office, and he points out that his jail medical records show on at least two occasions Dr. Phelps diagnosed him with a reducible hernia. (Docket Entry No. 56-2 at 10; Docket Entry No. 56-3 at 9.)

2

The Court agrees with the Plaintiff that Dr. Phelps' affidavit does not appear to be consistent with other medical evidence. The Court will accept as true Plaintiff's statement that he was not taken from the jail to visit Dr. Phelps at his office at any time and that Dr. Phelps did diagnose Plaintiff as having a hernia.

Even taking these facts as true, having reviewed the entire file the Court agrees with the Magistrate Judge that Plaintiff did not generate a genuine issue of material fact for trial on the issue of whether the two named defendants were deliberately indifferent to his serious medical need. The undisputed evidence shows that Dr. Phelps examined Plaintiff in the jail clinic seven times in seven months, not only for the diagnosed hernia problem, but for other medical conditions as well. There is no evidence that Defendants Bragg and Helton prevented Plaintiff from seeing Dr. Phelps to obtain medical treatment. Plaintiff alleges that Defendants Bragg and Helton would not pay for a hernia surgery and that their conduct amounted to deliberate indifference. But a jail official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). A showing of deliberate indifference requires the jail detainee to submit evidence that jail officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quoted case omitted).

As the Magistrate Judge noted, Plaintiff's complaint is in the nature of a disagreement about the nature of the medical care he received. At the most, he shows only that the Defendants were negligent in failing to refer him for surgery. Plaintiff did not produce any evidence that the

3

Defendants knew Plaintiff faced a substantial risk of serious harm without the surgery and that they disregarded that risk by failing to provide for the surgery. See Clark v. Adams, 233 Fed.Appx. 400, 401 (5th Cir. 2007) (holding inmate failed to establish deliberate indifference where he wanted hernia surgery and prison physician did not provide it); Cox v. Jackson, — F.Supp.2d —, 2008 WL 4401420 *16 (E.D. Mich. Sept. 29, 2008) (holding inmate's disagreement over need for hernia surgery alone does not establish deliberate indifference). Accordingly,

(1) Plaintiff's Objection to Report and Recommendation (Docket Entry No. 85), and Plaintiff's Amended Motion To Objection to Report and Recommendation (Docket Entry No. 86) are hereby OVERRULED;

(2) the Magistrate Judge's Report and Recommendation (Docket Entry No. 82) is hereby ACCEPTED;

(3) Defendants' Motion for Summary Judgment (Docket Entry No. 49) is hereby GRANTED;

(4) this case is hereby DISMISSED WITH PREJUDICE; and

(5) entry of this Order on the docket shall constitute entry of final Judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE